JOSEPH R. RICHARDSON

*v.*

MARCIA K. MATHER.

*Opinion filed February 17, 1899—Rehearing denied April 6, 1899.*

1. PLEADING—*when plea to declaration on note is open to demurrer.* A plea by one of three joint makers of a note executed in Vermont, averring that he did not sign in the presence of a witness nor request any one to witness his signature, whereas the note in suit, although otherwise identical with the one signed, was a witnessed note, by which plea it was intended to allege an alteration by adding the witness' name, so the action would not be barred by the laws of Vermont, is open to demurrer in not averring that the note, when executed by all the makers and delivered, was not witnessed.

2. EVIDENCE—*evidence to sustain bad plea is properly excluded.* A demurrer to a special plea having been correctly sustained, evidence which has no other tendency than to support the allegations of the plea is properly denied admission.

*Richardson* v. *Mather,* 77 Ill. App. 626, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. HIRAM BIGELOW, Judge, presiding.

This was assumpsit by the appellee, (formerly Marcia K. Eaton,) against the appellant, to recover upon the following note:

"$5000.                    CHESTER DEPOT, VT., *Dec. 3, 1879.*

"For value received we jointly and severally promise to pay Mrs. Marcia K. Eaton, or her order, five thousand dollars on demand, with interest annually.

<div style="margin-left:auto">
PHILEMON H. ROBBINS,<br>
JOSEPH R. RICHARDSON,<br>
R. P. POLLARD.
</div>

Witness,

CHAS. ROBBINS."

Upon the back thereof were fourteen indorsements of payments of interest, the last payment being for the interest accruing for the year ending December 3, 1896.

The action was begun May 6, 1897. The pleas were (1) non-assumpsit; (2) a special plea in bar, hereinafter

set out in full; (3) a plea the action did not accrue within ten years prior to the commencement of the suit, and was therefore barred under the Statute of Limitations of the State of Illinois; (4) a special plea alleging the parties to the note, at the time of its execution, lived in the State of Vermont and still reside there; that the note was executed in that State; that the limitation laws of that State provided action to recover on said note should be barred unless commenced within six years after the cause of action accrued thereon, and that the right of action on said note did not accrue within six years prior to the beginning of this action and was barred by the said Statute of Limitations of the State of Vermont. A demurrer to the second plea was sustained. Issues were made upon the other pleas and were submitted to the court without a jury. The court found for the appellee and entered judgment in her favor in the sum of $5300. This is an appeal from a judgment of the Appellate Court for the Second District affirming said judgment.

SCOTT & COOKE, for appellant.

HAND & HAND, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The trial court was not asked to declare the principles of law applicable to the case by propositions of law. All questions of fact are conclusively settled adversely to the appellant by the judgment of the Appellate Court. The only questions, therefore, arising upon the record which we have jurisdiction to determine are whether the court erred in sustaining the demurrer to the second plea or in ruling as to the admissibility of evidence.

The second plea, as abstracted by the appellant, is as follows: "Second plea avers that the causes of action in the various counts of the declaration mentioned are one and the same cause of action, being the supposed cause

of action on the promissory note in the first count of
the declaration mentioned; and the defendant avers that
he did not make and deliver the said promissory note in
manner and form as the plaintiff hath complained against
him, in this, to-wit, that on the day of date of said prom-
issory note both plaintiff and defendant were residents
of the State of Vermont, and have both resided in that
State continuously from thence hitherto. On the day the
said promissory note bears date, one Philemon H. Rob-
bins, this defendant, and one R. P. Pollard, executed and
delivered to the plaintiff, in the State of Vermont, a prom-
issory note payable to her, which was the only note pay-
able to the plaintiff ever signed by the defendant, and the
said note was of the date, amount, time and terms of that
mentioned in said count, but that when the said note was
signed and delivered by this defendant, Charles Robbins
was not present, and said note was not signed in pres-
ence of said Charles Robbins, and this defendant never
acknowledged to said Charles Robbins that he had signed
said note, and never authorized or requested said Charles
Robbins to sign said note last mentioned as a witness to
the signature of said defendant, and said note was not
signed by said defendant in the presence of any attest-
ing witness; that the promissory note in the declaration
mentioned now bears the name of Charles Robbins as an
attesting witness to the signatures of all the supposed
makers thereof, including this defendant, and now pur-
ports to have been signed by all the makers thereof in
the presence of Charles Robbins as an attesting witness;
that the statute law of the State of Vermont, on the day
the said promissory note bears date, provided, and from
thence hitherto has provided, by one section thereof as
follows, to-wit: 'The following actions shall be com-
menced within six years after the cause of action accrues,
and not after: actions of account, assumpsit, or on the
case, founded on a contract or liability, expressed or im-
plied.' And by the second succeeding section as follows,

to-wit: 'The foregoing provisions shall not apply to an action brought on a note signed in the presence of an attesting witness, but such action shall be commenced within fourteen years after the cause of action accrues, and not after.'"

Counsel for appellant urge the purpose of this plea was to present as a defense that the note sued on had been altered since its execution and delivery by adding thereto the name of a witness, making it what is known under the laws of the State of Vermont as a witnessed note; that under the laws of Vermont a note the making of which is evidenced by the signature of a witness may be sued on at any time within fourteen years after the right of action thereon accrues, but that an action on an unwitnessed note must, under the laws of said State, be commenced within six years after the maturity of the note, and that for this reason the addition of the name of a witness to the note would constitute such a material alteration of the instrument as would deprive the appellee of the right to introduce the note in evidence and recover thereon. It will be observed, however, the plea does not expressly aver that the note in suit has been changed or altered since its execution. It may as well be construed to aver that the appellant and the other persons whose names appear on the note as makers thereof did execute a note to the appellee at the same time and place, in the same amount, and payable upon the same terms and conditions, as that set out in the declaration, but that the note declared on is not the one so executed, for the reason that the note which was executed was not witnessed by the said Charles Robbins or any one else. But conceding that the plea should be received according to the contention of the appellant, as intending to allege that the note in suit is the one which was executed by the appellant and the other makers thereof but that since the execution thereof by appellant it had been altered by the addition of the name of the

witness, and conceding that the alteration of a note from an unwitnessed to a witnessed note would constitute such a material change in the paper as to prevent its introduction in evidence, still, we think the plea obnoxious to a demurrer.   The note bears the signatures of three makers, in order as follows:   Philemon H. Robbins, the appellant, P. R. Pollard.   The attestation of the note by Charles Robbins does not in express terms apply to all three of the makers.   The position of the signature of Charles Robbins is such it does not necessarily indicate it was placed there to witness the signature of the appellant.   If any deduction may properly be drawn from the relative positions of the signatures of the witness and those of the makers of the note, it is that the signature of the witness was attached after the note had been signed by Pollard, who signed last as maker, and was attached to the note as evidence of its execution by Pollard.   The plea does not allege that all of the makers were present and signed the note at the same time, or that the witness, Charles Robbins, was not present when the makers of the note other than the appellant signed the same, or that the note, when fully executed by all the makers and delivered to the appellee, did not then bear the name of Charles Robbins as a witness.   The allegations of the plea in this respect are, that Robbins, the witness, was not present when the appellant executed the note, and that the appellant did not authorize said Charles Robbins, by acknowledgment or otherwise, to sign the note as a witness.   All that is so alleged may be true, and yet it would not follow that the note, when finally executed by all the makers and delivered to the appellee, was not witnessed by Charles Robbins.   The plea is to be construed most strongly against the appellant, and the trial court properly ruled the facts alleged therein did not constitute a good defense to the action.   It is, moreover, manifest from the plea No. 4, filed by the appellant with this plea No. 2, and from the issue made by

the parties thereon, that neither of the parties nor the court treated the signature of the witness, Charles Robbins, as affecting in any degree the operation of the Statute of Limitations of the State of Vermont.

Appellant's fourth plea alleged as in bar of the right of recovery that the laws of the State of Vermont were applicable to the action, and that under such laws suit upon an unwitnessed note became barred in six years after the right of action accrued, and set up as in bar of the pending suit that the right of action upon the note did not accrue within six years prior to the commencement of the suit, and that the right to recover had become barred by force of statute of the State of Vermont. The replication to this plea did not set up in avoidance thereof that the execution of the note by the appellant was evidenced by the signature of a witness, but that the appellant had, within a period of six years prior to the beginning of the action, made a certain payment or payments on the note, and that by the statutes of the State of Vermont the Statute of Limitations of that State began to run from and after the date of the last payment on the note.

The only complaint of the rulings of the court as to the admissibility of evidence is that testimony competent only in support of the averments of the plea to which the demurrer was sustained was rejected by the court. Having determined the facts alleged in the plea did not constitute a defense to the action, argument is unnecessary to show the court properly refused to admit testimony which had no tendency other than to support the allegations of the plea.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*